a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| ERNESTO JAVIER ROCHA CUADRA #A028566779, Petitioner | CIVIL DOCKET NO. 1:22-CV-06241 SEC P |
| VERSUS | JUDGE ROBERT R. SUMMERHAYS |
| SHAD RICE, *ET AL.*, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

### MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Ernesto Javier Rocha Cuadra ("Cuadra").   Cuadra is an immigration detainee at the Central Louisiana ICE Processing Center in Jena, Louisiana.  He alleges that his continued detention is unlawful.

Because additional information is needed to support his claim, Cuandra must AMEND his Petition.

## I.    Background

Cuadra is a native and citizen of Nicaragua.  Cuandra alleges that he became subject to a final order of removal on April 21, 2022.  ECF No. 5 at 5.  He alleges that his detention is unconstitutional and violates *Zadvydas v. Davis*, 533 U.S. 678 (2001).

## II.    Law and Analysis

Under *Zadvydas*, it is presumptively constitutional for an immigration detainee to be detained six months past the 90-day removal period following a final

order of removal. *Zadvydas*, 533 U.S. at 701. After the expiration of the six-month period, a detainee may seek his release from custody by demonstrating a "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Agyei–Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011). Not every detainee in custody will be entitled to automatic release after the expiration of the six-month period.

In *Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006), the United States Court of Appeals for the Fifth Circuit reiterated that the Supreme Court's holding in *Zadvydas* creates no specific limits on detention. In fact, a detainee may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *Id.* at 543 (citing *Zadvydas*, 533 U.S. at 701). The detainee bears the initial burden of proof to show that no such likelihood of removal exists. *Id.* And the detainee must offer more than conclusory statements to support his claim. *Id.*

Cuadra alleges that he has been in post-removal detention for over six months, but he does not allege any reason why his removal is unlikely to occur in the reasonably foreseeable future. Cuadra must provide support for this conclusory claim.

Cuadra shall also state whether he has cooperated with removal efforts.

## III. Conclusion

Because Cuadra fails to allege why his removal is unlikely to occur in the reasonably foreseeable future, IT IS ORDERED that Cuadra AMEND the Petition

(ECF No. 5) within thirty (30) days of the filing of this Order to provide the information outlined above.

Failure to comply with this Order may result in dismissal of this action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. Petitioner is further required to notify the Court of any change in his address under Rule 41.3 of the Local Rules for the Western District of Louisiana.

SIGNED on Monday, February 27, 2023.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE